Michael J. Nuñez, Esq.
Nevada Bar No. 10703
John H. Podesta, Esq.
Nevada Bar No. 7487
**MURCHISON & CUMMING, LLP**
6900 Westcliff Drive, Suite 605
Las Vegas, Nevada 89145
Telephone: (702) 360-3956
Facsimile: (702) 360-3957
mnunez@murchisonlaw.com
jpodesta@murchisonlaw.com

Attorneys for Plaintiff
DISCOVER PROPERTY AND
CASUALTY INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DISCOVER PROPERTY AND CASUALTY INSURANCE COMPANY, an Illinois Corporation,

Plaintiffs,

vs.

WILLIAM SCUDIER, an Individual; PATRICK DILLON, a Minor by and through his Mother and Guardian ad Litem JOANN DILLON.

Defendants.

CASE NO.

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiffs DISCOVER PROPERTY AND CASUALTY INSURANCE COMPANY alleges:

1. Plaintiff DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY ("DISCOVER") is and was at all times mentioned a corporation incorporated under the laws of the State of Illinois with its principal place of business in St. Paul, Minnesota.

/ / /

2. Defendant WILLIAM SCUDIER("SCUDIER") is and was at all times mentioned an individual residing in Las Vegas, Nevada.

3. Defendant PATRICK DILLON, a Minor by and through his Mother and Guardian ad Litem JOANN DILLON, is an individual, who is, at all material times a resident of Las Vegas, Nevada("DILLON").

4. The jurisdiction of this Court over the subject matter of this action is predicated on 28 USC 1332. The amount in controversy exceeds $75,000.00 exclusive of interest and costs. All defendants reside in this district and the claim arose in this district.

5. At the time of the incident described below, there were two Commercial General Liability Policies numbered D227P00932, and D227P03602 underwritten by DISCOVER and issued to Southwest Real Estate Purchasing Group S-52(Discover Policies). Southwest Real Estate Purchasing Group S-52 in turn provided a memorandum of property and liability insurance to B&R Property Management, Inc. and Victory Village 2004 LLC, pursuant to an "Insured, Location and Lender Endorsement". Victory Village 2004 LLC and B&R Property Management, Inc., claim to be Named Insured's on the Discover Policies. A copy of the Discover Policies are attached as **Exhibit "A"** and **Exhibit "B"** and incorporated as through fully set forth herein.

6. The Discover Policies contains the following pertinent terms and conditions in the ISO CG 00 01 07 98 general form:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.
>
> The word "insured" means any person or organization qualifying as such under Section II Who Is An Insured.
>
> Other words and phrases that appear in quotation marks have special meaning. Refer to Section V Definitions.

/ / /

**SECTION I COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:...

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; ...

**2. Exclusions**

This insurance does not apply to:...

**a.** Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does

not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

...

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments Coverages A and B.

**b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

**2. Exclusions**

This insurance does not apply to:

a. "Personal and Advertising injury":

(1) caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

...

(4) arising out of a criminal act committed by or at the direction of the insured.

**SECTION II WHO IS AN INSURED**

1. If you are designated in the Declarations as:

...

c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

...

2. Each of the following is also an insured:

a. Your "employees", other than either your "executive officers,...or your managers...but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. ...

**SECTION V DEFINITIONS...**

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4. "Coverage territory" means:

a. The United States of America (including its territories and possessions), Puerto Rico and Canada;

...

5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

...

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

...

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

...

e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

In addition, the Discover Policies contain an endorsement entitled **ABUSE OR MOLESTATION EXCLUSION**, which provides, in pertinent part:

This endorsement modifies insurance provided under the following:

COMMERCIAL. GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph 2., Exclusions of Section I — Coverage A - Bodily Injury And Property Damage Liability and Paragraph 2., Exclusions of Section I — Coverage B — Personal And Advertising Injury Liability:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

1. The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or

2. The negligent:

a.. Employment;

b Investigation;

c. Supervision;

d. Reporting to the proper authorities, or failure to so report; or

e. Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph 1. above

7. Plaintiffs are informed and believe that, in or about 2004, defendant SCUDIER was employed by either VICTORY VILLAGE or B&R. In October of 2004, Dillon moved into Apartment 627 at Victory Village. According to the complaint filed by Dillon, beginning in 2005, SCUDIER began an improper relationship with Patrick Dillon, and in January of 2006, began an illicit sexual relationship with Patrick Dillon. According to the complaint, this illicit and illegal relationship included the allegation that SCUDIER performed oral and anal sex on Patrick Dillon, with frequency, through at least August of 2006. A true and correct copy of the Second Amended (and currently operative) Complaint in the case of *Patrick Dillon etc., v. William Scudier, et al.,* Clark County District Court Case number A-10-609918-C is attached hereto as **Exhibit C** ("Underlying Action").

8. The specific causes of action against SCUDIER are as follows:

**Battery** – wherein it is alleged "SCUDIER harmfully and offensively touched PATRICK by performing sexual acts on PATRICK" and "SCUDIER intentionally performed sexual acts on PATRICK." **Exhibit C,** Underlying Action at ¶¶28 & 29;

**Assault** – wherein it is alleged "PATRICK was reasonably placed in fear of imminent harm or offensive conduct for the duration of SCUDIER's

sexual relation with PATRICK" and "PATRICK'S apprehension was reasonable because SCUDIER already had demonstrated a willingness to perform sexual acts on PATRICK." **Exhibit C,** Underlying Action at ¶¶34 & 35;

**Intentional Infliction of Emotional Distress** – wherein it is alleged "SCUDIER sexual acts upon PATRICK were extreme and outrageous" and "PATRICK suffered extreme emotional distress as a result of SCUDIER's conduct including uncertainty about his sexual orientation and a skewed perception of relationships between adult males and adolescent boys." **Exhibit C,** Underlying Action at ¶¶38 & 39;

**False Imprisonment** – wherein it is alleged "SCUDIER restrained PATRICK within SCUDIER's apartment without legal justification or consent" and "The lack of legal justification and consent is evidenced by the repeated protestations of PATRICK'S mother, JOANN DILLON, against her son spending time with SCUDIER" and "SCUDIER knew that PATRICK was being physically abused at home and therefore was unlikely to leave SCUDIER's apartment" and "At some point in February 2006, SCUDIER took PATRICK to the Fiesta Hotel and Casino in Henderson, Nevada" and "At some point in June 2006, SCUDIER took PATRICK to the Green Valley Ranch Resort, Spa & Casino in Henderson, Nevada" and "At some point in June 2006, SCUDIER took PATRICK to the Longhorn Hotel Casino in Las Vegas, Nevada" and "At some point in August 20064 SCUDIER took PATRICK on a trip to Zion National Park in Utah" and "These trips were without legal justification" and "PATRICK could not reasonably have exited or escaped

these premises, which were miles from his home." **Exhibit C,** Underlying Action at ¶¶42-50.

9. SCUDIER, VICTORY VILLAGE and B&R tendered their respective defenses and requested indemnity in the Underlying Action to plaintiffs under the Discover Policies. Plaintiffs undertook SCUDIER, VICTORY VILLAGE and B&R's defense in the Underlying Action under a reservation of rights, including the right to file this action seeking a declaration of the Court that no coverage exists for the claims asserted against SCUDIER, VICTORY VILLAGE and B&R under the terms and provisions of the Discover Policies.

10. On April 4, 2012 summary judgment was entered on behalf of defendants VICTORY VILLAGE and B&R in the underlying matter. A true and correct copy of the Notice of Entry of Order in the Underlying matter is attached hereto as **Exhibit D.**

11. The Discover Policies only applies to the extent that there is a claim against SCUDIER, B&R or VICTORY VILLAGE for "bodily injury" caused by an "occurrence." The acts of SCUDIER are non-accidental, and therefore injuries to Patrick Dillon resulting therefrom cannot be the result of an "occurrence".

12. The Discover Policies' coverage excludes injuries that are either "expected or intended" by the Insured, and specifically exclude coverage for damages because of "bodily injuries" caused by ABUSE OR MOLESTATION. These exclusions are clear, prominent and enforceable, and exclude coverage under the policy for any injury caused to DILLON that is the subject of the Underlying Lawsuit.

**FIRST CLAIM FOR RELIEF**

**(Against All Defendants for Declaratory Relief)**

13. Plaintiffs reassert and re-allege the allegations contained in Paragraphs 1 through 11. above, and incorporate them as if they were fully set forth here.

14. A controversy has arisen and exists by and between plaintiffs on the one hand, and defendants on the other, insofar as plaintiffs maintain that no coverage exists

under the Discover Policies for the claims DILLON asserts against SCUDIER in the Underlying Action.

15. Plaintiffs are informed and believe that defendants maintain to the contrary that coverage exists under the Discover Policies for the claims DILLON asserts against SCUDIER in the Underlying Action.

16. Plaintiffs are also informed and believe that DILLON, through their attorney, may attempt to assert an entitlement to insurance benefits under the Discover Policies by virtue of SCUDIER's status as an insured, and as potential judgment creditors of SCUDIER.

17. Plaintiffs dispute any claims by DILLON against SCUDIER to any entitlement to funds from plaintiffs via the Discover Policies.

18. Therefore, an actual justiciable controversy presently exists between plaintiffs and DILLON and SCUDIER relating to whether any coverage or potential for coverage exists under the Discover Policies for claims asserted by DILLON against SCUDIER in the Underlying Action, and a declaration of this Court is necessary to determine the rights and obligations of DISCOVER, DILLON, and/or SCUDIER under the Discover Policies.

WHEREFORE, DISCOVER prays for judgment against Defendants and each of them as follows:

1. For a declaration that no coverage or potential for coverage exists under the terms and provisions of the Discover Policies for the claims by DILLON against SCUDIER in the Underlying Action.

2. For a declaration that DISCOVER has no duty to defend or indemnify claims by DILLON against SCUDIER in the Underlying Action.

3. For judgment against SCUDIER for reimbursement of monies plaintiffs expended to date in defending and/or indemnifying SCUDIER against claims DILLON asserted against SCUDIER in the Underlying Action in an amount to be established at trial, including interest at the legal rate.

4. For the costs incurred in this action.

5. For such other and further relief as the Court may deem just and proper.

DATED: May 17, 2012

**MURCHISON & CUMMING, LLP**

By: #11321 FOR

Michael J. Nuñez, Esq.
Nevada Bar No. 10703
John H. Podesta, Esq.
Nevada Bar No. 7487
Attorneys for DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY