UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DISCOVER PROPERTY AND CASUALTY INSURANCE COMPANY,<br>Plaintiff,<br>v.<br>WILLIAM SCUDIER, et al.,<br>Defendants. | 2:12-CV-836 JCM (CWH) |

**ORDER**

Presently before the court is plaintiff Discover Property and Casualty Insurance Company's motion for default judgment against defendant William Scudier ("Scudier"). (Doc. # 17).

## I. Background

On May 7, 2012, plaintiff filed a complaint in this court seeking declaratory relief regarding its duties and obligations under two general liability policies. Plaintiff seeks this relief as it pertains to individuals engaged in an underlying state court action involving claims for battery, assault, intentional infliction of emotional distress, and false imprisonment. (Doc. # 1).

Plaintiff allegedly provided insurance policies to an apartment, Victory Village 2004, LLC, and its management company, B&R Property Management. These policies were in effect at the time of the violations alleged in the underlying action.

1   The violations occurred while Patrick Dillon ("Dillon"), a minor, was a tenant at the Victory Village Apartments in Las Vegas. Dillon, by and through his mother and guardian ad litem, filed a complaint against the apartment, the management company, and an apartment employee, Scudier. Dillon alleged that Scudier had an illicit and illegal sexual relationship with him from January 2006 to August 2006.

On April 13, 2012, the apartment and the management company obtained summary judgment in the underlying action, leaving Scudier as the only remaining defendant. Plaintiff filed this action against Dillon and Scudier seeking a declaration that no coverage or potential coverage exists under the terms and provisions of the policies for the claims by Dillon against Scudier in the underlying action, amongst other relief.

In the instant action, Scudier was timely served (doc. # 7); however, Scudier has failed to answer or otherwise respond to plaintiff's complaint despite being on notice of plaintiff's claim against him (*see* docket generally). On June 22, 2012, plaintiff filed a motion for entry of default against Scudier. (Doc. # 10). On June 25, 2012, the clerk's office entered default as to Scudier. (Doc. # 11).

**II.   Discussion**

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule." FED. R. CIV. P. 55(b)(2).

On June 25, 2012, the clerk entered default against Scudier for his failure to plead or otherwise defend the instant lawsuit. (Doc. # 11). Pursuant to Federal Rule of Civil Procedure 55(b)(2), plaintiff now asks this court to enter default against Scudier.

The choice whether to enter a default judgment lies within the discretion of the trial court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a

James C. Mahan
U.S. District Judge

- 2 -

default judgment, the trial court should consider the seven factors articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Id.* In applying these *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* FED.R.CIV.P. 8(d).

The first *Eitel* factor weighs in favor of granting plaintiff's motion because plaintiff will be denied recourse for a final determination of its defense and indemnity obligations. *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Scudier has not answered or otherwise responded to the complaint. By doing so, Scudier is deemed to have admitted the truth of plaintiff's averments. *Id.* The court finds that if plaintiff's motion for default judgment is not granted, plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Security Cans*, 283 F.Supp.2d 1127, 1177 (C.D. Cal. 2002).

The second and third *Eitel* factors favor a default judgment where the claims are meritorious and the complaint sufficiently states a claim for relief. *See Cal. Security Cans*, 238 F.Supp.2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978)). Plaintiff's complaint states a plausible claim that no coverage exists under its policies for the claims Dillon is alleging against Scudier. (*See* doc. # 1). The complaint specifically points to various provisions that establish that the policies do not cover the conduct alleged in the underlying action. Thus, the court finds that the claims are meritorious and that the complaint sufficiently states a claim for declaratory relief.

Under the fourth *Eitel* factor, the court considers the amount of money at stake in relation to the seriousness of defendant's conduct. *See Cal. Security Cans*, 238 F.Supp.2d at 1176. While the relief sought is largely equitable in nature, plaintiff also seeks money damages. Specifically, plaintiff seeks damages equal to the costs incurred, to date, in defending Scudier in the underlying action. Since it is difficult for the court to ascertain the amount of money expended in defending Scudier, this factor weighs neither in favor nor against granting default judgment.

**James C. Mahan**
**U.S. District Judge**

- 3 -

The fifth *Eitel* factor also favors default judgment. Since there has been default entered against Scudier, the complaint is taken as true. *Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005). Thus, given the sufficiency of the complaint, evidence of plaintiff's policies, and the claims made against Scudier in the underlying action, "no genuine dispute of material facts would preclude granting [plaintiff's] motion." *Cal. Security Cans,* 238 F.Supp.2d at 1177; *see Geddes,* 559 F.2d at 560.

Applying the sixth factor, the court cannot conclude that Scudier's default is due to excusable neglect. Defendant was properly served with summons and the complaint. (*See* doc. # 7). While the court acknowledges that Scudier is currently incarcerated, the court finds that his failure to respond or litigate this case cannot be attributable to excusable neglect. *See United States v. High Country Broadcasting Co., Inc.,* 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a corporation that failed to appear in the action through licensed counsel).

The final *Eitel* factor weighs against default judgment. "Cases should be decided upon their merits whenever reasonably possible." *Eitel,* 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *Cal. Security Cans,* 238 F.Supp. at 1177 (citation omitted). Moreover, defendant's failure to answer or otherwise respond to the complaint "makes a decision on the merits impractical, if not impossible." *Id.*

Having reviewed plaintiff's motion and evidence previously submitted in this case, and having considered the *Eitel* factors as a whole, the court concludes that the entry of default judgment is appropriate against Scudier.

**III.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Discover Property and Casualty Insurance Company's motion for default judgment against defendant William Scudier (doc. # 17) be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**

- 4 -

IT IS FURTHER ORDERED that plaintiff prepare and submit an appropriate judgment.

DATED December 20, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 5 -